AUSA: Gallena

✓ FILED ___ ENTERED
___ LOGGED _____ RECEIVED

4:05 pm, Nov 19 2020
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT AUTHORIZING A DNA SAMPLE COLLECTION FROM MILTON RANDALL | Case No. 1:20-mj-2809 TMD |

### AFFIDAVIT IN SUPPORT OF
### APPLICATION FOR A SEARCH WARRANT

I, Andriy Vavilin, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, depose and state as follows:

1. The ATF and Baltimore Police Department ("BPD") have been investigating Milton RANDALL for violations of 18 U.S.C. § 922(g) (possession of a firearm by a prohibited person), 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances), and 18 U.S.C. § 924(c) (possession of a firearm in furtherance of drug trafficking). This affidavit is being submitted in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 to obtain samples of Deoxyribonucleic Acid ("DNA") for comparison purposes in the form saliva from Milton RANDALL, a man born in 1985, assigned a Social Security account number ending in 3045, and assigned an FBI number ending in 3JC6. A photograph of RANDALL is attached as Attachment A to this affidavit. RANDALL is currently being held at the Baltimore Central Booking and Intake, 300 E. Madison St., Baltimore, MD 21202. The applied-for warrant would authorize members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above-described investigation, to obtain DNA contained within saliva samples from RANDALL, as described in Attachment B.

2. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every detail of every aspect of the

investigation to date. Rather, I have set forth only those facts that I believe are necessary to establish probable cause supporting the warrant. I have not, however, intentionally omitted information that would tend to defeat a determination of probable cause.

3. I believe that probable cause exists that RANDALL possessed a firearm in violation of 18 U.S.C. § 922(g) on September 22, 2020. Therefore, I respectfully request that this Court find probable cause that evidence of the aforementioned criminal violation is contained in the form of DNA in saliva in the possession of RANDALL.

## AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since approximately July, 2017. I am currently assigned to the ATF Baltimore Field Division Group VII. Through the ATF, I received extensive training in the provisions of firearms and narcotics laws administered under Title 18, Title 21 and Title 26 of the United States Code. I attended the Department of Homeland Security's Criminal Investigator Training Program and ATF's Special Agent Basic Training for a combined period of twenty-six weeks.

2. As an ATF Special Agent, I have assisted in investigations involving violations of federal firearms and controlled substance laws as well as investigations involving violent crimes. Accordingly, I have received specialized training regarding, and have personally participated in, various types of investigative activities, including, but not limited to, the following: (a) the execution of search warrants; (b) the consensual monitoring and recording of conversations; and (c) the handling and maintenance of evidence.

3. I am familiar with firearm and narcotic statutes, and the methods employed by those who perpetrate these acts. I have been the affiant on search warrants and made numerous arrests

in the course of my career for firearm violations and other violent crimes.  I know based on my training and experience that DNA can be found on items such as clothing and firearms and can be compared to a sample of DNA from a known person.  This comparison can help identify or eliminate suspects.  I further know that the Baltimore City Forensics lab will not test firearms for the presence of DNA (or do any subsequent comparison) without a standard to which it can be compared.

## PROBABLE CAUSE

4. On September 22, 2020, Baltimore City Police Department ("BPD") officers in a marked patrol vehicle responded to the 300 block of South Monroe Street to apprehend a suspect in a narcotics investigation.  Officer Armstrong stopped his marked vehicle outside of the Busy Bee convenience store located at 334 South Monroe Street.  Two officers entered the store while Officer Armstrong remained in the vehicle.

5. RANDALL was standing in front of the Busy Bee convenience store as officers approached.  When RANDALL noticed the presence of law enforcement, he fled without provocation.  Officer Armstrong notified the other officers and began to pursue RANDALL.

6. Officer Armstrong saw RANDALL throw a heavy object onto the rooftop next to the Busy Bee as he ran. Officer Armstrong alerted another officer who was monitoring the location via Citywatch cameras.  The Citywatch camera captured RANDALL throwing the object as depicted below.





7. Officer Armstrong apprehended RANDALL while another officer continued to monitor the rooftop where the object landed. Officer Armstrong then returned to the location

and recovered a Walther, model PPQ, .40 caliber pistol, bearing serial number FAN6946, which was wrapped in a glove on the rooftop.

8. Officers searched RANDALL and recovered one zip lock bag containing approximately five grams of Eutylone, six clear glass vials containing five grams of heroin and fentanyl, and marijuana.

9. Prior to the events set forth in this affidavit, RANDALL was convicted of first-degree assault in the Circuit Court for Baltimore City and sentenced to fifteen years of incarceration with five years suspended, and is therefore prohibited from possessing a firearm. Moreover, he should be aware, given this sentence, that he had been convicted of a crime that carries a punishment of over a year in prison.

10. The firearm was test-fired at the BPD Firearms lab and expelled a projectile by the action of an explosive, and therefore qualifies as a firearm under 18 U.S.C. § 921(a)(3). The firearm was not manufactured in Maryland and subsequently recovered during RANDALL's arrest in Maryland, and therefore affected interstate commerce.

11. The BPD lab swabbed and analyzed the handgun for DNA. The swabs cannot be forwarded for DNA analysis until a standard for a suspect is obtained and a comparison is requested.

**DNA AUTHORIZATION REQUEST**

12. Based on my training and experience, I believe that RANDALL's DNA will be on the firearm recovered during his arrest. A known sample of his DNA is required in order to test and compare any and all DNA recovered. Accordingly, I am requesting authorization for a warrant to obtain samples of DNA for comparison purposes in the form of saliva from RANDALL to compare to the swabs taken from the firearm that I believe was possessed by RANDALL in

violation of 18 U.S.C. § 922(g), possession of a firearm by a prohibited person.

13.     Further, I respectfully request that the Court issue a warrant authorizing members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents, to obtain DNA samples from RANDALL so that the DNA sample may be compared to the swabs taken from evidence recovered in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Andriy Vavilin
Special Agent, ATF

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this __6__ day of November, 2020

_____

The Honorable Thomas M. DiGirolamo
United States Magistrate Judge

# ATTACHMENT A

### Photograph of Person to be Searched

Milton RANDALL
YOB: 1985
Social Security number ending in 3045
FBI number ending in 3JC6
Currently residing at: Baltimore Central Booking and Intake, 300 E. Madison St., Baltimore, MD 21202



1:20-mj-2809 TMD

## ATTACHMENT B

**Description of Items to be Seized**

Buccal (oral) swabs of the inside of RANDALL's mouth limited to the extent where sufficient samples of DNA are obtained.